GEORGE C. GLACIUS et al., Respondents, *v.* BESSIE BLACK, Appellant.

Where one enters into a contract to furnish materials and perform work of a specified character, to be paid for upon performance, although materials may be furnished and the work performed, yet if not done in the manner stipulated, no action will lie for the compensation; a substantial performance must be shown, unless it has been waived or released. The right to recover will not be forfeited, however, by reason of technical, inadvertent or unimportant omissions or defects; whether the defects are substantial, or technical and unimportant, is a question of fact.

Where, by the terms of a contract for the repair of a building, it is stipulated that the materials shall be of the best quality and the work performed in the best manner, subject to the acceptance or rejection of an architect, all to be done in strict accordance with the plans and specifications, and to be paid for when done completely and accepted, the acceptance by the architect of a different class of work or of inferior materials will not bind the owner, and does not relieve the contractor from the agreement to perform according to the plans and specifications.

The provision for acceptance is an additional safeguard against defects not discernible by an unskillful person.

The case of *Wyckoff* v. *Meyers* (44 N. Y., 143) distinguished.

(Argued April 16, 1872; decided November 12, 1872.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of plaintiff entered upon the report of a referee.

The nature of the action and the facts are set forth sufficiently in the opinion.

*George A. Black* for the appellant. A partial performance of an indivisible contract does not extinguish a corresponding proportion thereof, unless the benefit of such performance is voluntarily retained by the creditor. (Civil Code, § 629; Sedgwick on Damages, 212, 215, 216, 222, note 1, 221; *Ladue* v. *Seymour*, 24 Wend., 60; *Moffet* v. *Sackett*, 18 N. Y., 527; *Davis* v. *Talcott*, 12 id., 188; S. C., 14 Barb., 611; *Clark* v. *Marsiglia*, 1 Den., 317; *Dillon* v. *Anderson*, 43

N. Y., 232; *Masterton* v. *City of Brooklyn,* 7 Hill, 71; *Durkee* v. *Mott,* 8 Barb., 423.) The work being affixed to real property, the use and occupation of it by the owner does not amount to a voluntary retention. (*Smith* v *Brady,* 17. N. Y., 173.) Contracts are to be enforced as the parties made them. (*Brown* v *Curtis,* 2 N. Y., 227; *Pike* v. *Butler,* 4 id., 362; *Pullman* v. *Corning,* 9 id., 97; *Smith* v. *Brady,* 17 id., 173; *Cunningham* v. *Jones,* 20 id., 486; *Bonesteel* v. *Mayor, etc.,* 22 id., 167; *Tompkins* v. *Dudley,* 25 id., 272; *Walker* v. *Millard,* 29 id., 379; *Brown* v. *Weber,* 38 id., 188; *Roberts* v. *Opdyke,* 40 id., 264; *Ely* v. *Spofford,* Court of Appeals [Transcript, Jan. 21, 1870]; *Jackson* v. *Topping,* 1 Wend., 396; *Bird* v. *Smith,* 12 Q. B., 781.) Waiver, as applied to contracts, is in fact a new contract. (*Ripley* v. *Ætna Ins. Co.,* 30 N. Y., 136; *Gardiner* v. *Clark,* 21 id., 404; *Cromwell* v. *Haight,* id.; 462.) The intention to waive must be clear. (*Roberts* v. *Opdyke,* 40 N. Y., 264; *Pike* v. *Butler,* 4 id., 360.) Plaintiffs have failed to complete their contract, and the judgment should be reversed. (*Griffen* v. *Marquardt,* 17 N, Y., 28; *Edmonston* v. *McLoud,* 16 id., 544.)

*W. W. Niles* for the respondents. A substantial performance of a building contract is all the law requires. (*Smith* v. *Gugerty,* 4 ,Barb., 614; *Smith* v. *Brady,* 17 N. Y. 173; *Sinclair* v. *Talmadge,* 35 Barb., 602; *Colwell* v. *Lawrence,* 24 How. Pr. R., 324; *Thomas* v. *Fleury,* 26 N. Y., 32.) Defendant assented to the work as it was being performed, and so accepted it. (*Watson* v. *Gray,* 41 N. Y., 385; *Colwell* v. *Lawrence,* 24 How. Pr. R., 324; *Pike* v. *Nash,* 38 N. Y., 335; *Smith* v. *Brady,* 17 id., 173; *Sinclair* v. *Talmadge,* 35 Barb., 602.) Defendant, by allowing plaintiffs to go on after the time limited, waived the forfeiture she might have claimed. (*Cox* v. *Bennett,* 1 Greene, 165; *Sinclair* v. *Talmadge,* 35 Barb., 602; *Watson* v. *Gray,* 41 N. Y., 385; *Colwell* v. *Lawrence,* 24 How. Pr. R., 324; *Smith* v. *Brady,* 17 N. Y., 173.) The architect's certificate bound the parties. (*Butler* v. *Tucker,*

24 Wend., 447; *Sinclair* v. *Talmadge,* 35 Barb., 602; *Smith* v. *Brady, supra; Oakes* v. *Moore,* 11 Shep., 214; *Wyckoff* v. *Meyers,* 44 N. Y., 143.)

CHURCH, Ch. J.   This is an action upon a claim filed under the mechanics' lien law.   The contractors are builders, and contracted to make certain alterations and repairs upon the defendant's house for $1,326; one-half to be paid when the lath were on, and the balance when the work was done completely and accepted.   The work consisted principally of taking off an old peak roof and substituting a French or Mansard roof and finishing off the upper story, and making other repairs in the interior of the house.   The case was tried before a referee, and is very voluminous.   The original report contains fifty-eight distinct findings of fact, besides the conclusions of law, and when the case was made the referee again stated the facts found by him in fifty-nine findings, which are followed by forty-one findings of law, to each of which an exception is taken.   The learned judge who delivered the opinion in the court below regarded these last fifty-nine findings of fact as additional to those stated in the original report, but it is not very clear whether they were intended as additional findings or substitutes for those contained in the report.   At the close of the first findings, the case states "and hereupon the said owner, for the purpose of a review of the evidence appearing upon the trial, makes the foregoing case, and the said referee states the following as facts found by him."  From this it would appear that the last findings were revised substitutes for the first; but in the course of these findings the referee refers to certain findings contained in the original report, and it is probable that it was intended that all of them should go into the case.   If the learned referee had been more concise and brief, and had incorporated less extraneous matter in his findings, his own labor and that of the court would have been greatly lessened. Neither evidence, argument nor comment has any legitimate place in findings of fact or law.   They should be conclusions

of fact from the evidence and conclusions of law from the
facts found, and both stated without repetition, and in the
most concise and direct manner. The referee found for the
plaintiffs the whole amount of the claim, less twenty-five dol-
lars, which he found as damages for defective work and
materials.

The findings of fact, if supported by any evidence, are con-
clusive upon this court, and we can only deal with the legal
questions involved. A reference to some general principles
of law will aid in elucidating the controlling points in the
case. It is well settled in this State that where a party has
entered into a contract to perform work and furnish materials
of a specified character, and the other party agrees to pay for
the same upon the performance of the contract, although the
work may be performed and materials furnished, yet, if not
done in the manner stipulated, no action will lie for compen-
sation. When performance is a condition of payment the
former must be shown to entitle a party to recover unless it
has been waived or released. The case of *Smith* v. *Brady*
(17 N. Y., 173), reviewing the principal authorities on the
subject, is full and explicit on this point. This is a general
rule, applying to contracts of this character as well as others.
As was said in the above case, " There is, in a just view of
the question, no hardship in requiring builders to perform
their contracts in order to entitle themselves to payment
where the employer has agreed to pay only on that condi-
tion." As, however, this class of contracts embrace many
particulars which it is difficult, if not impracticable, to comply
with, with entire exactness, the apparent rigor of the general
rule has been so far relaxed as that a substantial compliance
will be deemed sufficient. As was properly expressed by
ALLEN, J., in *Sinclair* v. *Talmadge* (35 Barb., 602), " If
there has been no willful departure from the terms of the
contract, or omission in essential points, and the laborer has
honestly and faithfully performed the contract in all its
material and substantial particulars, he will not be held to
have forfeited his right to remuneration by reason of mere

technical, inadvertent or unimportant omissions or defects. The law imposes no such liability, and enforces no such penalty." The question in each case will, of course, be an open one, where defects exist, whether they are substantial or technical and unimportant. This is a question of fact. The referee has found that defects existed, but has not passed upon the question whether they were substantial so as to defeat any right of action, or so trivial and unimportant as to require the application of the modified rule before stated; nor has he furnished any guide by which we can, as a question of law, determine that question, except that he finds that the plaintiffs intended in good faith to perform their contract. The referee finds, in the fiftieth clause of what are called special findings, "That the work was never completed by the claimants according to the plans and specifications in the respects found by me in my report, or specially found by me herein."

The defects thus found are quite numerous, and embrace defects in materials and workmanship, in the plastering, the walls were out of plumb, the windows were too narrow, an omission to put sills under cross partitions; there was some leakage; folding doors were too narrow and too short; an omission to replace lightning-rods, torn down to perform the work; defective materials and workmanship in the mouldings and casings, and some other similar defects. As to some of the defects, the referee found that they had been waived, or should have been objected to while the work was progressing; as to others, that there was no evidence of damages by reason of them; and, as to others, he allowed compensation in damages, but did not find whether they were of such a material character as to preclude a recovery or not; nor, upon the theory upon which he determined the case, was it essential that he should do so. That theory was that, by the terms of the contract, the architect had power to bind both parties by his acceptance of the work and materials so far as to enable the plaintiffs to maintain an action, that the architect superintended the work and accepted it after it was com-

pleted, and that the defendant was bound thereby to pay for it, less the value of the defects proved.

After an examination of the case I do not think this proposition can be sustained. In the first place, the contract confers no power upon the architect to change or alter the plans and specifications: nor is there any provision, found in many such contracts, that the decision of the architect shall be final and conclusive upon the defendant. The contract provides " that the materials to be furnished shall be of the best quality, and the workmanship performed in the best manner, subject to the acceptance or rejection of Edward Wall, architect, and all to be in strict accordance with the plans and specifications, which are signed by the parties of the second part, and form part of this contract." The architect also had power to reject any particular work or materials; and in such case the builders were to remedy the defects. This is all the authority which the architect had under this contract, and his authority was equally known to both parties. It is quite clear to my mind that the acceptance of the work by the architect did not relieve the plaintiffs from their agreement to perform this work according to the plans and specifications. The provisions are distinct and independent. The contract was to be performed in a certain manner, particularly specified in writing; and, in addition, it was to be subject to the acceptance or rejection of the architect; but his acceptance of a different class of work or inferior materials from that contracted for would not bind the defendant to pay for them. She was obliged to pay only where " the work was done completely *and* accepted." The provision for acceptance was an additional safeguard against defects not discernible by an unskilled person.

This principle was substantially held in *Bird* v. *Smith* (64 E. C. L. R., 785), where the contract was for the sale and delivery to the plaintiff of a quantity of iron rails of certain weights, shapes and dimensions, and to be inspected and certified as then agreed upon, and in quality equal to any rails made in Staffordshire. A plea that the rails were inspected,

certified and approved by an agent of the plaintiff's, as provided in the contract, was held bad on demurrer on the ground (among others) that "each stipulation is, in its terms, distinct, and, in its nature, as an absolute warranty for quality, may well be required, in addition to a provision for inspection and approval, to guard against defects which inspection cannot discover."

In *Wyckoff* v. *Meyers* (44 N. Y., 143), where it was held that the certificate of the architect was conclusive upon both parties, the contract provided that payment should be made upon the certificate of the architect; and it was also provided that disputes respecting the construction and meaning of the drawings and specifications should be submitted to the architects, whose decision should be conclusive upon the parties. Every contract must be construed by its own terms, and, I think, the true construction of this contract is, that the provision subjecting the work and materials to the acceptance of Mr. Wall was for the benefit of the defendant as an additional protection to the agreement, on the part of the builders, to perform the work according to the plans and specifications, and such seems to have been the understanding of both parties by the course of evidence on the trial. The acceptance by the architect would be important in establishing that the work and materials were in compliance with the contract, but would not be sufficient to sustain a recovery if it appeared that the contract had not been substantially performed.

We cannot determine whether this construction of the contract would have changed the result at the trial before the referee or not, because the referee did not consider or pass upon the question of substantial performance, but held that such performance was established by the acceptance of the architect, so far as to enable the plaintiff to maintain the action. In this he erred. But I cannot agree that there was such acceptance of the work by the architect as to bind the defendant, even if he had authority to bind her. The facts, upon which the referee found that the architect accepted the work, are stated in the report, and are embraced in numerous

specifications; but so far as material are, substantially, that the architect did not see the work during the taking down of the old roof, erecting the studding and putting up the new roof, nor the partitions of the attic floor, or before the lath and plastering were on, and that he only saw the work, on an average, about once a week; that about the time the work was finished he and one of the claimants went over a portion of the work together in the absence of the owner, but did not thoroughly examine the work; that he pointed out certain things to be done, and on the next day the other claimant went to the house to do the things which his co-claimant stated that the architect pointed out, but did not do all of them; that a day or two afterward, the architect not having seen the work meantime, met one of the claimants in the street and asked him if the things he had specified had been done; that the claimant replied that they had, and asked for a certificate, which the architect promised to give in a few days, after he had been over to see the work; " that afterward the claimants called again upon the architect at his home for the certificate, and that he told them that he had not seen the work yet and promised to leave a certificate at the claimants' house in a few days after he had been over to see the work, and at the same time advised the claimants to go and compromise with the owner, and if they could not make it out (the settlement) he would give the certificate anyway;" that the architect did not know of the objections of the owner to the work, and on making a thorough examination he was of opinion that the work was inferior in quality and in workmanship and did not comply with the contract in all respects, and never gave the certificate or otherwise accepted the work.

Conceding the power claimed for the architect, these facts fail to establish such an acceptance as would foreclose the defendant. At most, it was only a promise to accept, and that, too, in substance after a subsequent satisfactory examination of the work. The work was not satisfactory when the examination was subsequently made. But if the acceptance had been unqualified and a certificate given without knowing

the facts concerning which a subsequent examination showed he was mistaken, the acceptance and certificate would have had no binding force. Fraud or mistake vitiates the certificate in those cases where a certificate is otherwise conclusive. (44 N. Y., *supra.*) So that, in any point of view, the referee erred in holding that the defendant was in any degree prejudiced in her defence by what was said or done by the architect upon the subject of the acceptance of the work. There are other conclusions stated in the numerous findings of the referee to which I cannot fully assent, but which are comparatively subordinate, and as there must be a new trial I do not deem it material to examine them. It is not intended, in the views above expressed, to decide or intimate an opinion that the claimants are not entitled to maintain this action and recover the contract price, less such reasonable damages as the defendant has sustained by reason of the defects and omissions appearing in the work or materials. If the claimants acted in good faith, and honestly performed the contract in all substantial particulars, they should not be compelled to forfeit the whole payment by reason of inadvertent or slight defects. So, too, the plaintiffs may recover if the defendant, by herself or authorized agent, has waived full performance, or consented to accept the work subject to deductions for defects. On the other hand, if these defects and omissions are so numerous and pervading as to show that the whole job was done in a slovenly and improper manner, not conforming substantially with the plans and specifications, and there has been no waiver, there is no rule of law or morality which entitles the claimant to compensation. From the nature of the case it cannot be difficult to reach a just result at another trial, or even by a proper spirit of accommodation on the part of the parties themselves to arrive at such a result, without further litigation or expense.

The point is made by the appellant that the judgment should be reversed without a new trial, claiming that the lien has expired, and no personal judgment can be ren-

dered against the defendant. This position is not tenable. If the lien has expired the action can still be prosecuted as a personal action, The twentieth section, as amended in 1871, is explicit in retaining the lien, but it is unnecessary to determine now whether the lien continues or not.

Judgment reversed and new trial granted, costs to abide the event.

All concur, except GROVER, J., not voting.

Judgment reversed.