GEORGE C. GLACIUS and another, Respondents, v. BESSIE BLACK, Appellant.

*Mechanics' lien law — personal judgment under.*

When, during the pendency of an action, brought for the foreclosure of a mechanics' lien, the lien expires by lapse of time, a personal judgment may be recovered by the claimant.

Appeal from a judgment in favor of the claimants (plaintiffs), and against the defendant (owner), and from an order denying a motion made on the judge's minutes for a new trial, and from an order denying a motion to set aside such judgment, in an action brought for the foreclosure of a mechanics' lien, under chapter 402, of the Laws of 1854. This cause has been once tried before a referee who reported in favor of the claimants. The judgment entered upon such report was affirmed by the General Term, and reversed in the Court of Appeals (50 N. Y., 145), and a new trial ordered. During the pendency of the suit, the lien expired, and a personal judgment was entered against the defendant on the last trial.

*George A. Black*, for the appellant.

*Ernest Hall*, for the respondents.

Barnard, P. J.:

This action was originally brought to enforce a lien. It has been once tried before a referee, and the plaintiffs recovered a judgment. This judgment was reversed by the Court of Appeals. The second trial was before a jury. No lien is now demanded.

The jury rendered a verdict for the plaintiffs, on which a personal judgment has been entered against the defendant. The defendant appeals. If the validity of the lien law could be raised on this appeal, it would be useless to argue the question, in view of the many adjudications of the Court of Appeals, upholding and enforcing the provisions of that law.

The present judgment is personal; and that such a judgment is permitted in this action, is decided in this case by the Court of

Appeals.* I discover no error committed on the trial. The question whether the contract had been substantially performed, was one of fact for the jury. The evidence was very conflicting. The judge could neither nonsuit nor direct a verdict. He instructed the jury according to the law of this case, as decided by the Court of Appeals.

The judgment should be affirmed, with costs.

Present — BARNARD, P. J., and GILBERT, J.

Judgment and order denying new trial affirmed, with costs.

* Glacius v. Black, 50 N. Y., 145.