WILLIAM M. SCHENKE, Respondent, *against* GEORGE P. ROWELL *et al.* Appellants.

(Decided June 18th, 1877.)

Where in a building contract the certificate of the architect that the building has been done in compliance with the contract is made a prerequisite of payment for such building, the architect is accepted by the contracting parties as an umpire, and neither party can avoid the effect of his certificate or refusal to give a certificate by the mere allegation that his certificate or refusal is unreasonable, nor can the parties litigate the matters thus submitted to him, until he is divested of his powers as umpire by death, incapacity, resignation, or refusal to act.

In an action to recover the contract price for the erection of a building, a complaint setting forth a contract which provided that payment should be made when the work was done according to the contract, approved of by the architect, and a certificate of performance given by the architect, and alleging that plaintiff performed the work according to contract, that the defendants accepted the work, and that the architect had unreasonably refused to give the certificate, is bad on demurrer, as not stating facts sufficient to constitute a cause of action.

*Held,* further, that such complaint was defective in substance ; that the mere allegation of complete performance of the work did not show a right of action, since there was no architect's certificate ; that the failure of the complaint to show that the architect's certificate had been given was not remedied by an allegation that the certificate was unreasonably refused, and that the mere allegation that the defendants had duly accepted the work, without the additional allegations that such work was a full compliance, and was received by the defendants as a full performance, did not remedy the omission of the complaint to show that such certificate had been given.

APPEAL by the defendants from an order of this court made by Judge LARREMORE at special term, overruling a demurrer to the complaint.

This action was brought by Schenke to recover part of the last installment of the contract price for the erection of a building for the defendants.

The complaint set forth the contract, which provided that Schenke should erect the building in accordance with the plans and specifications of the architect, in a good, workmanlike and substantial manner, to the satisfaction and under the direction of the architect, to be testified by a certificate under the hand of said architect. In consideration of the performance thereof by Schenke, the defendants were, by the terms of the contract, to pay him $6,550, as follows :—1st, when the frame is raised, $800 ; 2d, when enclosed, $1,500 ; 3d, when finished, except boxes and painting, $1,700 ; 4th, when completed and accepted, $2,550. Total, $6,550. It was further provided that in each of the said cases, a certificate should be obtained and signed by the said architect. The complaint contained the following further allegations :

That the plaintiff duly performed and fulfilled all the

conditions and requirements of said agreement to be by him performed by the terms thereof.

That the plaintiff has requested the architect in said agreement mentioned to give the certificate mentioned in said agreement, but said architect unreasonably neglects and refuses to give the same.

That the defendants have duly accepted the work performed by plaintiff under and by virtue of said agreement.

Judgment was asked for $550 which remained unpaid.

The complaint was demurred to on the ground that it did not state facts sufficient to constitute a cause of action.

*Chauncey B. Ripley*, for appellants.

*Chambers, Pomeroy & Boughton*, for respondent.

ROBINSON, J.—In contracts for the performance of work under the supervision of an architect, which, to entitle the contractor to payment for work done, not only requires its completion, according to the terms of the contract, but also its approval by a certificate of the architect to that effect, the performance of the work, and the production of the certificate are both prerequisites to any recovery. A formal approval and acceptance of the architect " would not relieve the plaintiffs from their agreement to perform the work according to the plans and specifications." (*Glacius* v. *Black*, 50 N. Y. 150.) While the architect's certificate is thus made essential, and is otherwise indispensable to any right of recovery, its non-production may be excused when withheld by *fraud or collusion, or in bad faith*. (*Thomas* v. *Fleury*, 26 N. Y. 26 ; *Barton* v. *Herman*, 11 Abb. Pr. N. S. 378.)

The requirement of such certificate being for the benefit and protection of the employer, he may, by some definite or expressive act, waive the necessity for its production. A mere allegation of his *acceptance* of the work done has no legal significance. Every thing done in the progress of the work contracted for, if known to or recognized by the employer, is to be deemed as accepted in part performance.

Notwithstanding any such allegation as is made in the present case " that the defendants duly accepted the work performed by plaintiff under and by virtue of said agreement," the complaint presents no suggestion that the entire work so performed was accepted *as a full compliance with the requirements of the contract.* Without this, no waiver of an architect's certificate of complete compliance (so far as it gave assurance of the fact) could be deemed to be made.

This action was brought to recover a part ($550) of the last and final payment of $2,550 which was to be made when the whole work was " completed and accepted," and it is true such completion and acceptance is alleged in these precise and general terms, but as to the certificate of the architect as to their final payment, that the work had been so completed " *in a good, workmanlike, substantial manner, to his satisfaction and under his direction,*" as required by the contract, none such is alleged to have been given.

The certificate of the architect, so far as material, was indispensable to any recovery, unless withheld for *fraud or collusion* or *in bad faith,* but the allegation that it was so withheld " unreasonably" has never been accepted as a justification for its non-production. Every principle upon which the architect's determination and adjudication in this respect is deemed imperative under the contract, rejects such " unreasonable " action, as without the consideration of the parties or the obligation of their contract. The architect, so far as it commits any matter to his judgment, is accepted as an *umpire* between them. (*Smith* v. *Briggs*, 3 Den. 73 ; *Butler* v. *Tucker*, 24 Wend. 449 ; *Wyckoff* v. *Meyers*, 44 N. Y. 145.) And his mere refusal, when his own impartial judgment dictates it, confers upon the contractor no right of recovery, even if by other witnesses he should be able to maintain he had substantially performed the work. The best judgment of the architect upon the matter so committed to his determination, has been agreed upon as the test of performance, and neither party can reject or repudiate his certificate given on the one side, or his refusal to give it to the other, upon mere allegation or testimony tending to show

that his action has been "unreasonable." His entire refusal to act would throw upon the courts the duty of acting in his stead, but until divested of the powers as conferred upon him by the parties, by death, incapacity, resignation, or *refusal to act*, the parties have agreed to accept either his certificate or his refusal to certify to the work done by the contractor, as a final judgment between them. Under these considerations the complaint was defective in substance.

1st. The mere allegation of complete performance of the work did not confer any right of action for want of the architect's certificate.

2nd. This was not supplied by the averment that the architect had "unreasonably" refused such certificate.

3rd. The mere allegation that the defendants had duly accepted the work performed by plaintiff only by virtue of said agreement, added nothing in extenuation or avoidance of the necessity of such certificate without further allegation that such work was so accepted, not only in compliance with the contract, but was also received *as a full performance.* ( *Glacius* v. *Black, supra.* 153.) The acceptance by the architect of any substitute for that which the contract called for, if substantially variant from its terms, could not be justified, (except through authority of the employer), nor can the acceptance by the employer of inferior or different work than such as was contracted for, be deemed or accredited as part or entire performance, except upon some new consideration operating between the parties. Any agreement to accept any such imperfect or incomplete work with deductions for defects agreed upon would be binding ( *Glacius* v. *Black, supra.*), but without it the idea that the mere declaration of an intention or purpose to waive any right or damages already accrued, is wholly unavailable as a defense thereto, or as against the assertion thereof. Under these circumstances, it follows that the complaint was defective in the foregoing particulars. The order overruling the demurrer should therefore be reversed, and judgment given for the defendants, unless the plaintiff, within twenty days from the service of a copy order to be entered hereon, amend his com-

plaint and pay the costs of the trial on the demurrer, and of this appeal. (to be taxed by the clerk), and for failure to so amend and pay such costs, that defendants have judgment final.

CHARLES P. DALY, Ch. J., and JOSEPH F. DALY, J., concurred.

Ordered accordingly.