JOHN  TURNER,  RESPONDENT,  *v.*  WILLIAM  W.
KOUWENHOVEN, APPELLANT.

*Contract for personal services — when the right of the servant to recover his wages is
not destroyed by his conversion of the master's property.*

This action was brought by the plaintiff to recover his wages for services ren-
dered to the defendant under a contract by which he agreed to work for
one year upon the defendant's farm as a laborer and sell the farm pro-
duce for him.  The defendant set up in his answer, both as a bar to the
action and as a counter-claim, the failure of the plaintiff to account for all the
moneys received upon the sale of the produce, and his conversion of such moneys
to his own use.  The plaintiff had served during the full term required by
the contract.  Upon the trial the defendant requested the court to charge that
if the plaintiff failed to pay over, or retained any of the proceeds arising from
the sale of the farm produce, he was not entitled to recover anything for his
services.  The court refused so to charge, but instructed the jury to deduct
from the amount due to the plaintiff for wages any sums they might find that
he had so retained.

*Held,* that as the request did not present the point of actual dishonesty, or of
continuous fraud upon the servant's part, but was based upon the claim that a
single failure to pay over the master's money deprived him of all right to
recover his wages, the charge and refusal to charge were correct.  (BARNARD,
P. J., dissenting.)

APPEAL from a judgment of the County Court of Kings county
in favor of the plaintiff, entered upon the verdict of a jury, and
from an order denying a motion for a new trial, made upon the
minutes of the judge before whom the action was tried.

The action was brought by the plaintiff, a servant, against the
defendant, his master, to recover a year's wages under an express
contract of hiring.

The complaint set forth the contract of hiring, whereby the
plaintiff agreed to serve defendant for the year 1881, by working
as a farm laborer on the defendant's farm, and also in the capacity
of marketman in selling farm produce for the defendant, his year's
wages to be at the rate of twenty dollars per month and one dollar
for every load of produce sold by him.  The complaint alleged
performance by the plaintiff, and that he had sold, under the contract,
398 loads.

The defense set up by the answer was a denial of full perform-

ance by the plaintiff of the contract in this particular, to wit: That he failed to pay over to the defendant the full proceeds which he collected for the farm produce sold by him for the defendant during the year, and that he kept back and retained for himself, in violation of the said contract, portions of the moneys which came into his (plaintiff's) hands as the proceeds of such sales. It was also denied that plaintiff had sold the number of loads which he alleged, viz., 398.

The above defense was pleaded separately as a complete bar to any recovery by plaintiff of wages under the said contract.

The answer also set up a separate and independent counterclaim in favor of the defendant and against the plaintiff, for moneys alleged to have been so kept back and retained by the plaintiff, not only during the year 1881, but also during the previous years of 1880 and 1879, and demanded an affirmative judgment against the plaintiff for the amount of moneys so retained.

*John Reynolds,* for the appellant.

*William J. Gaynor,* for the respondent.

CULLEN, J.:

Before the cause was finally submitted to the jury, the defendant voluntarily put in as evidence the testimony of the plaintiff given on a previous trial of this action. This evidence tended to show the complete and faithful performance by plaintiff of his contract of service. The cause was therefore properly submitted to the jury, and it is unnecessary to consider whether the trial court erred in refusing to dismiss the complaint at the end of the plaintiff's case. The subsequent evidence cured the error if error there was. The application to withdraw this evidence rested solely in the discretion of the trial court, and there is nothing to show that the discretion was improperly exercised.

The principal question litigated upon the trial, was whether the plaintiff, a farm servant, under an employment to extend for a year and intrusted with the sale of his master's produce, had retained and converted the moneys of his master. The plaintiff served out his full term, and no complaint is made as to his proper service, except in the respect above mentioned. The defendant asked the

court to charge that if the plaintiff failed to pay over, or retained any of the proceeds of the defendant's goods, he was not entitled to recover anything for his services. The court declined so to charge, but instructed the jury to deduct from the amount due plaintiff for wages, any sums they might find the plaintiff had retained. The jury found for the plaintiff.

The principal exception urged on this appeal is to this refusal of the court to charge defendant's request. It is contended that the contract was an entirety, that it implied a covenant for fidelity and honesty on the plaintiff's part, and that full performance in those respects, as well as in point of time, was a condition precedent to any right of recovery against the defendant, and that hence any delinquency on the part of the plaintiff was a complete bar to the action. I do not think this position well taken. The plaintiff had served out his full term. The defendant had accepted his services for that period. While performance is a condition precedent to a recovery, it is also well settled that the substantial performance of a contract is sufficient. (*Glacius* v. *Black*, 50 N. Y., 145; *Phillip* v. *Galliant*, 62 id., 256.) I do not see why a more stringent rule should be applied to contracts of service than to others. True, it is established by authority that where a servant is discharged for cause during his term of service, he can recover nothing, no matter how long he has served. The cases cited by defendant go to this extent and are based upon the theory that the contract of service is an entirety as to the term. But none go further. There are some contracts which are unities in all their essential elements. Such a one is a physician's attendance upon a patient during a single attack of illness. A recovery for services is a bar to an action for malpractice or *vice versa*. But the employment of an ordinary servant is an entirety in no sense except as to its term. The day's duties well done, are not affected by the performance of the duties of the next. The rule as to term is sufficiently stringent and should not be extended. The servant contracts for attention and diligence as well as honesty. He might have been discharged for injuring the harness by his carelessness, but it certainly should not be that, having served his whole time, he should forfeit his whole wages when the master can be indemnified by recouping his loss. Nor do any of the requests to charge present the point of actual dishonesty

or of continuous fraud upon the servant's part. The burden of the requests, though put in many forms, is that a retention of the defendant's money was a bar to a recovery. This was not qualified by the condition that the retention of the money should be with the intent to cheat the master, nor that the servant's course of conduct was persistent. It was claimed that a single failure to pay over to the master was sufficient. It may well be that a continuous or habitual course of dishonesty should bar wholly a servant's claim, though the proceeds of his fraud are less than the amount of his wages. But none of the defendant's requests present this question, nor indeed do they present the question of any actual dishonesty.

The judgment appealed from should be affirmed, with costs.

DYKMAN, J., concurred.

BARNARD, P. J. (dissenting):

I think the court erred in refusing to charge that if the jury should find from the evidence the misappropriation of defendant's property received under the employment, he could not recover.

The plaintiff was a farm servant. He was intrusted with the sales of the produce, and it was a part of his employment. The servant contracts as well for honesty and fidelity as for the personal service. The proof is very strong that the plaintiff did lack fidelity. The amount proven is not large, but it warrants a belief in a larger sum. It is true that the plaintiff worked out the term, but that fact has no materiality in view of the fact that the defendant knew nothing of the servant's unfaithfulness.

If he retained the servant after knowledge, it is well settled that the objection, even if a sufficient one upon which to discharge the servant, it becomes waived.

The master cannot set it up, because to receive service knowing that it was dishonestly rendered, and without an intention to pay for it, is also bad in principle and morals. If this was claimed and there was any evidence upon which to support a request, the right of the plaintiff could have been preserved by directing the jury to find a waiver if the evidence warranted it, and in such case to find for the plaintiff, although there was a lack of fidelity.

I cannot agree to the principle that a servant may continue peculations from his master during his whole term, and then only be compelled to pay back such small amount as it may be in the power of the master to prove.

The judgment should be reversed and a new trial granted, costs to abide the event.

Judgment and order denying new trial affirmed, with costs.