WILLIAM H. MILLER et al., Respondents, *v.* EDWARD BENJAMIN et al., Appellants.

The right of a vendor to enforce an executory contract for the manufacture and sale of goods will not be forfeited or lost by reason merely of technical, inadvertent or unimportant omissions or defects. While a substantial performance must be shown, a literal compliance as to details which are unimportant is not required.

The question as to whether defects or omissions shown are substantial, or merely unimportant mistakes, is generally one of fact.

Plaintiff contracted to sell and deliver to defendants a specified quantity of slit steel in monthly installments, to be prepared and slit in special sizes, in accordance with specifications to be given by defendants for each month's delivery, the specifications to refer to numbers given in

the contract, which, according to the usages of the trade, designated the weight or thickness of the pieces ; these numbers were 27 and 29. In an action to recover damages for a refusal on the part of defendants to continue to perform the contract the defense was that they were excused from further performance by reason of omissions or mistakes on plaintiffs' part in sending heavier steel than was called for. The proof tended to show that it was a fact well known to the trade that it was very difficult, if not impossible, to roll cold steel so as to have a uniform thickness and weight, and that a variation of one number could not be regarded as a departure from the contract; that on two occasions when No. 29 were ordered plaintiffs sent No. 27 for part of the order. These were returned by defendants and plaintiffs promptly sent steel of the proper gauge It did not appear that the mistake caused any material loss or damage to defendants. *Held,* that the deviation did not, as matter of law, amount to a breach of contract on plaintiffs' part; and that the question was properly submitted to the jury, and a finding in plaintiffs' favor was justified.

(Argued May 4, 1894; decided June 5, 1894.)

Appeal from judgment of the General Term of the Supreme Court in the second judicial department, entered upon an order made April 16, 1892, which affirmed a judgment in favor of plaintiffs entered upon a verdict, and also affirmed an order denying a motion for a new trial.

This was an action upon a contract by which plaintiffs agreed to sell and defendants to purchase a certain quantity of slit steel.

The complaint claimed damages for a failure by defendants to accept and pay for a portion of the steel, and also asked to recover for the balance remaining unpaid upon that portion of the steel which had been delivered.

The facts, so far as material, are stated in the opinion.

*Albridge C. Smith* for appellants. When the agreement is determined into which the parties have entered, it is but just and fair that they should be held strictly to it, and all their stipulations we should assume to have been made for a purpose, and to have been considered important by them, and, therefore, cannot be dispensed with. (Benj. on Sales, §§ 690, 895; *Bank of Montreal* v. *Recknagel,* 109 N. Y. 491; *Hill*

v. *Blake,* 97 id. 216, 220; *Cunningham* v. *Judson,* 100 id. 189; *Pope* v. *Allis,* 115 U. S. 363; *Pope* v. *Porter,* 102 N. Y. 366.) Defendants were not bound to sort over the steel and return the twenty-seven gauge or hold it subject to plaintiffs' orders. Plaintiffs had no right to send both sizes of steel, and cast upon the defendants the burden of sorting it. (*Walker* v. *Davis,* 18 Atl. Rep. 196.)

*R. B. Gwillim* for respondents. A substantial performance will entitle to recovery. (*Glacius* v. *Black,* 50 N. Y. 145; *Phillips* v. *Gallant,* 62 id. 264; *Woodward* v. *Fuller,* 80 id. 315; *Dauchey* v. *Drake,* 85 id. 411; *Heckmann* v. *Pinkney,* 81 id. 211; *Sinclair* v. *Talmadge,* 35 Barb. 602; *Van Clief* v. *Van Vechten,* 130 N. Y. 579; *Couch* v. *Gutmann,* 134 id. 51.) . The evidence disclosed the real motive of the defendants in the attempt to cancel their contract. Questions where the motive of a party enters into the contract must be submitted to the jury as one of fact. (*Sullivan* v. *N. Y. & R. C. Co.,* 119 N. Y. 355.) These matters of fact upon which the verdict rests having been determined by the jury, this court will not disturb the findings. (*Phillips* v. *Gallant,* 62 N. Y. 264; *Sinclair* v. *Talmadge,* 35 Barb. 602.)

O'BRIEN, J. The plaintiffs have recovered upon an executory contract made by them with the defendants on the 15th of March, 1889, whereby the defendants agreed to purchase and the plaintiffs to sell to them one hundred thousand pounds of slit steel of a certain grade and quality to be delivered thereafter at the rate of about twelve thousand five hundred pounds per month from May 1, 1889, to January 1, 1890, specifications for each month's deliveries to be given by the defendants to the plaintiffs in each case during the first week of the month preceding. The defendants were to use the steel in the manufacture of dress extenders worn by ladies and which were in fashion when the contract was made, but, as the proof tended to show, went out of fashion that summer. The plaintiffs in order to be prepared to fill the contract

contracted for the steel abroad to be delivered to them from time to time as the contract required, but as is claimed, by reason of the defendants' refusal to accept delivery, it accumulated on their hands and they were obliged to carry it. About twenty-seven thousand pounds of the steel was delivered. About three months after the execution of the contract complaint was made by the plaintiffs that the defendants failed to send the specifications to enable them to deliver, and in the latter part of August, 1889, the defendants wrote to the plaintiffs to cancel the order or contract, giving as a reason for this action on their part that the plaintiffs persisted in sending them heavier steel than specified in the contract. It seems that the steel had to be prepared and slit in special sizes in order to meet the defendants' wants, and the grade or quality required was designated in the order as Nos. 27 and 29. The judgment was recovered as damages for the non-performance of this contract on the part of the defendants and for a small balance claimed to be due to the plaintiffs and unpaid on account of the steel delivered. There was some dispute with respect to this balance which became a question of fact at the trial. The proof tended to show that the defendants failed to furnish the specifications for the monthly delivery of steel as required by the contract and the order requesting the contract or orders to be canceled amounted to a refusal on their part to further perform. The only question of law in the case is raised by the defendants' contention that they were excused from further performance by reason of omissions or mistakes on the part of the plaintiffs in sending heavier steel than was called for by the specifications. The numbers specified in the contract were intended to designate the weight or thickness of the slit steel according to the usages of the trade. The proof tended to show that it was a fact well known and understood in the trade that it is very difficult if not impossible to get cold steel rolled accurately so as to have a perfectly even thickness and uniform weight. A slight variation in weight and thickness is expected on account of this difficulty, and so long as this variation does

not exceed one gauge or number it could not be regarded as a departure from the contract. Thus, a contract for this kind of steel, specifying 27 or 29 gauge, might be filled by 28 or 30. The proof tended to show that in June and July following the execution of the contract the plaintiffs sent on at least two occasions some of the 27 gauge instead of 29 gauge which had been specified. The defendants returned two barrels in June and two more in July, and the plaintiffs promptly replaced these shipments with goods of the proper grade. These slight variations were evidently mistakes in filling the specifications and were so understood by both parties. They were promptly corrected by the action of the plaintiffs in replacing the rejected goods at their own expense by a like quantity which conformed to the specification. It does not appear that the mistake caused any material damage or loss to the defendants. The deviation from the contract occurred in such a way and was of such a character that it did not, as matter of law, amount to a breach on the part of the plaintiffs. The right of a party to enforce a contract will not be forfeited or lost by reason of technical, inadvertent or unimportant omissions or defects. A substantial performance must be established in order to entitle the party claiming the benefit of the contract to recover, but this does not mean a literal compliance as to details that are unimportant. There must be no willful or intentional departure, and the defects of performance must not pervade the whole, or be so essential as substantially to defeat the object which the parties intended to accomplish. Whether in any case such defects or omissions are substantial or merely unimportant mistakes that have been or may be corrected is generally a question of fact. (*Glacius* v. *Black,* 50 N. Y. 145; *Phillip* v. *Gallant,* 62 id. 264; *Woodward* v. *Fuller,* 80 id. 315; *Heckmann* v. *Pinkney,* 81 id. 211; *Dauchey* v. *Drake,* 85 id. 411; *Van Clief* v. *Van Vechten,* 130 id. 579; *Couch* v. *Gutmann,* 134 id. 51.) In so far as that question was involved in this case, the learned trial judge properly submitted it to the jury to determine whether there was such a failure on the part of the plaintiffs to furnish

and deliver the steel of such particular sizes and weight called
for by the contract and specifications as justified the defend-
ants in terminating the contract.     The instructions on this point
were full and in accordance with the rules of law referred to,
and the verdict was in favor of the plaintiffs.     Some collateral
questions arose upon the trial which have been examined and
some exceptions appear in the record, but they involve no error
of law which can be said to have prejudiced the defendants.
The submission of the whole case to the jury disposed of it
in a manner sufficiently favorable to the defendants.

The judgment must, therefore, be affirmed.

All concur.

Judgment affirmed.