DESMOND-DUNNE COMPANY, Respondent, *v.* FRIEDMAN-DOSCHER COMPANY, Appellant.

1. TRIAL — WITHDRAWAL OF INSTRUCTION TO JURY. An instruction to the jury, that they will find whether there is any substance to a defense or whether it is sham, may be treated as withdrawn, and not merely restated, when the judge, on his attention being called to it, says: "I withdraw that. I submitted the question whether it is a real, good, substantial defense or whether it was sham."

2. CONTRACT — SUBSTANTIAL PERFORMANCE. The right of a party to enforce a contract will not be forfeited by reason of inadvertent or unimportant omissions, but a substantial performance which will entitle him to recover may be made without a literal compliance as to all details.

3. ACTION ON PROMISSORY NOTES. An action on promissory notes, which are due according to their terms, and which were given as the consideration for advertising to be performed under a contract, will not be postponed until its completion, where there is no such provision in the contract and the notes are absolute in their terms.

*Desmond-Dunne Co.* v. *Friedman-Doscher Co.*, 16 App. Div. 141, affirmed.

(Argued March 6, 1900; decided April 17, 1900.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered May 4, 1897, affirming a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John T. Canavan* for appellant.   A new trial should have been granted because of the court's unwarranted characterization of the defense as "sham." (*Richardson* v. *Van Nostrand*, 5 N. Y. S. R. 419; *Butts* v. *Lorville*, 15 Wkly. Dig. 144; *Hart* v. *Ryan*, 25 N. Y. S. R. 886; *Phillips* v. *N. Y. C. & H. R. R. R. Co.*, 127 N. Y. 658; *Chapman* v. *Erie Ry. Co.*, 55 N. Y. 579; *Greene* v. *White*, 37 N. Y. 405.)

*Jesse W. Johnson* for respondent.   The record presents no question on which the court can consider whether or not there was a substantial performance. (*Miller* v. *Benjamin*, 142 N. Y. 613; *Ringle* v. *W. I. Works*, 149 N. Y. 439.)   A strict performance was not necessary to entitle the plaintiff to recover. (*Phillip* v. *Gallant*, 62 N. Y. 257; *Woodward* v. *Fuller*, 80 N. Y. 312; *Crouch* v. *Gutmann*, 134 N. Y. 51; *Flaherty* v. *Miner*, 123 N. Y. 382; *Miller* v. *Benjamin*, 142 N. Y. 613; *Ringle* v. *W. I. Works.* 149 N. Y. 441.)

BARTLETT, J.   This action is brought to recover on three promissory notes for $333.33 each.

A separate suit was brought on each note.   One note was due May 1st, the next June 1st, and the last July 1st, 1896.

The defendant is a dealer in soap and the plaintiff is engaged in the business of displaying signs on the Brooklyn Elevated railway system, its cars, platforms and entrances.

These three suits were consolidated and tried as one. ·

The notes were given in payment on the contract for certain advertising to be done in a particular manner and at stated places.

The defendant alleged that the plaintiff had not complied with the terms of the contract, and claimed to be entirely relieved from the payment of the notes.

It is stated by the appellant's counsel that this was a unanimous decision of the Appellate Division. The judgment does not show that to be the fact, and the order of the Appellate Division is not in the record.

It appears in evidence that the number of signs called for by this contract was between fourteen and fifteen hundred, and the contest is confined to some twenty triangular signs that were about eight feet in length and two feet wide in the center, to be placed on canopies in both of the galleries leading to and from the bridge stations to the New York and Brooklyn bridge, ten signs to be placed in each gallery.

It was proved that after the contract was made the company decided to build new terminals connecting the road with the Brooklyn bridge, and the old galleries were torn down, remained in that condition some three or four weeks and afterwards rebuilt on new plans.

Under the original contract the signs were to remain up for six months from October 1, 1895, and a new memorandum was executed conforming the contract to the changed conditions and agreeing that the signs should remain up for six months from the completion of the stations.

According to the plaintiff's proof these twenty signs were put up in the temporary galleries and on what is known as the " Brighton Beach Terminal," and when the new work was completed ten signs were placed in each of the new galleries as required.

On all the material points in this case there is a sharp con-

flict in the evidence, and the jury having found for the plaintiff, it is to be assumed that they believed the story of its witnesses.

Under that state of facts and the charge of the learned court, the jury must be regarded as having found a substantial performance of the contract.

Several exceptions were taken to the charge of the court to the jury. The first is involved in this statement: "Gentlemen: You will determine from all the evidence in the case whether or not there is any substance in this defense or whether it is a sham defense."

When the court's attention was called to this, he said: "I withdraw that. I submitted the question whether it is a real, good, substantial defense or whether it was sham."

Defendant's counsel claims that this does not amount to a withdrawal, but was practically a restatement of the objectionable charge.

We are inclined to think that it may be treated as a withdrawal, and the statement of the court following the declaration "I withdraw that" was merely explanatory of what he intended in his original charge.

The next exception is based upon the statement to the jury, in substance, that they must consider all the facts in this case, many of which were enumerated by the judge, and determine whether the contract had been substantially carried out.

The defendant's counsel takes the position that this is a case where the law of substantial performance does not apply, and requested the court to charge the jury that a strict compliance with the contract is necessary to enable the plaintiff to recover. The court declined so to charge.

The right of a party to enforce a contract will not be forfeited by reason of inadvertent or unimportant omissions.

In this case the plaintiff was embarrassed by the terminal changes, over which neither party to this contract had any control, and the evidence tends to establish that the plaintiff did all it could, under the circumstances, to perform that part of the contract relating to the terminals and involving the twenty signs.

The rule is that a substantial performance must be established in order to entitle the party claiming the benefit to recover, but this does not mean a literal compliance as to all details.  Undoubtedly, a willful or intentional departure would defeat recovery.  (*Miller* v. *Benjamin*, 142 N. Y. 613; *Glacius* v. *Black*, 50 N. Y. 145; *Phillip* v. *Gallant*, 62 N. Y. 257, 264; *Woodward* v. *Fuller*, 80 N. Y. 315; *Heckmann* v. *Pinkney*, 81 N. Y. 211; *Dauchey* v. *Drake*, 85 N. Y. 411; *Van Clief* v. *Van Vechten*, 130 N. Y. 579; *Crouch* v. *Gutmann*, 134 N. Y. 51.)

The party for whom the work is to be done is protected as to any slight damage he may suffer by reason of failure to strictly perform the contract in every detail.  This amount may be allowed him in a suit brought by the contractor, or he may bring a separate action.  (*Phillip* v. *Gallant*, 62 N. Y. 256; *Flaherty* v. *Miner*, 123 N. Y. 382.)

The remaining point raised by the defendant is that no action would lie on these notes until the expiration of the six months during which the signs were to be displayed as agreed.

The contract contains no such provision, and the notes are absolute on their face.

One of the plaintiff's witnesses testified that there was no such arrangement.

It is to be borne in mind that this is not an action to recover such damages as were suffered by a substantial performance of the contract, leaving a certain portion unperformed, but the defense goes to the entire cause of action, and the claim is that there was such a failure to perform as to be a complete defense to the action on the notes.

There appears to be no reversible error in the rulings of the trial court, and the judgment appealed from should be affirmed, with costs.

Parker, Ch. J., O'Brien, Haight and Landon, JJ., concur; Martin and Vann, JJ., dissent.

Judgment affirmed.