cate the premises until June 4th. Upon the trial the landlord denied that he had given such notice or had authorized it to be given. However this may be, the defendant became liable for the rent due June 1st, because he did not vacate the premises until June 4th.

The judgment should be affirmed, with costs. All concur.

---

### VOGEL v. FRIEDMAN et al.

(Supreme Court, Appellate Term. February 25, 1901.)

CONTRACTS—SUBSTANTIAL COMPLIANCE—SUFFICIENCY—RECOVERY.

    In an action on a building contract, the contractor was not precluded from recovering thereon by his failure to perform the contract literally, where a substantial compliance with the provisions had been made.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by George Vogel against Samuel Friedman and another. From a judgment in favor of defendants, plaintiff appeals. Reversed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

Edward D. Newman, for appellant.
Louis Steckler, for respondents.

O'GORMAN, J. The omissions from the contract were requested by the defendants' architect with the defendants' knowledge, and, as the case stood when the plaintiff rested, the only question for determination was what reasonable deduction should be made therefor from the contract price. Attention is called to one or two slight omissions not authorized by the architect, but as to these the plaintiff very properly invokes the rule that the right to enforce a contract will not be defeated by reason of inadvertent, trifling, and unimportant omissions. A literal compliance as to all details is not necessary. A substantial performance will support a recovery, and in such a case an allowance should be made to the defendants to cover any slight damage they may have suffered by reason of the plaintiff's failure to strictly perform the contract in every detail. Desmond-Dunne Co. v. Friedman-Doscher Co., 162 N. Y. 488, 56 N. E. 995. It was, therefore, error to dismiss the complaint, and the judgment must be reversed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.

---

### GRANT v. LANGLEY.

(Supreme Court, Appellate Term. February 25, 1901.)

ATTORNEY AND CLIENT—DISCHARGE—ACTION—MEASURE OF DAMAGE—DIRECTION OF VERDICT.

    Where an attorney retained in a particular case for an agreed fee was discharged without cause, and in an action to recover the defendant did not show that plaintiff would have incurred expense in the performance of his duties, it was proper to direct a verdict for plaintiff for the stipulated sum.

Appeal from municipal court, borough of Manhattan, Eleventh district.

Action by Louis J. Grant against John Langley.   From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before ANDREWS, P. J., and O'GORMAN and BLANCHARD, JJ.

James J. Conway, for appellant.
William Tharp, for respondent.

O'GORMAN, J.   Accepting defendant's version of the disputed contract as correct, the ruling of the justice in directing a verdict for the plaintiff cannot be assailed.   Where an attorney is retained for a particular case, and is discharged without cause, the measure of damage is ordinarily the stipulated compensation.   Marsh v. Holbrook, 3 Abb. Dec. 178; 3 Am. & Eng. Enc. Law, 426, 427.   The defendant did not attempt to prove that the plaintiff would incur expense in the performance of his duties, and there was, therefore, no ground laid for claiming a deduction from the fee agreed upon.

Judgment affirmed, with costs.   All concur.