### (May 9, 1966)

BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT NO. 5, TOWN OF GREENBURGH, Appellant, v. A. BARBARESI & SON, INC., Respondent and Third-Party Plaintiff-Appellant. KIPP BROS., INC., Third-Party Defendant-Respondent. (Action No. 1.) A. BARBARESI & SON, INC., Respondent, v. BOARD OF EDUCATION, UNION FREE SCHOOL DISTRICT NO. 5, TOWN OF GREENBURGH, Appellant. (Action No. 2.) — In two actions arising out of a building construction contract which were tried together before a jury, but in each of which a separate judgment of the Supreme Court, Westchester County, was entered, the owner and the contractor (who are the only parties to the actions, except for the third-party defendant in Action No. 1) cross-appeal as follows: 1. The owner, the above-named Board of Education, appeals: (a) as plaintiff in Action No. 1 and as limited by its briefs, from so much of the judgment in that action, entered September 8, 1965 as is against it in favor of the contractor, defendant A. Barbaresi & Son, Inc., upon the court's decision in part dismissing the complaint at the close of the board's case as plaintiff; and (b) as defendant in Action No. 2, from the judgment in that action, entered June 1, 1965, against it in favor of A. Barbaresi & Son, Inc., as plaintiff in that action, upon the court's decision made during the course of the trial (CPLR 4401). 2. The contractor, A. Barbaresi & Son, Inc., as third-party plaintiff in Action No. 1, appeals from so much of the judgment in that action as dismissed its third-party complaint upon the court's decision consequent upon dismissal of the main complaint. Judgments reversed on the law, and a new trial granted as to all issues between the parties to both actions and the parties to the third-party action, with costs to abide the event. The questions of fact have not been considered. In Action No. 1, which sounds in negligence and breach of contract, the board sought to recover from the contractor the sums which the board allegedly was required to pay to adjacent landowners in satisfaction of claims asserted by them against the board for injury to their property by reason of the contractor's improper performance of the work. In Action No. 2, the contractor sued to recover the balance allegedly owing to it under the contract and for extras and change orders. As to Action No. 1, the payments made by the Board of Education to the adjoining property owners, for which it seeks to hold the contractor liable, were not made without authorization. It had the power under subdivision 6 of section 50-e of the General Municipal Law

validly to waive irregularities as to the service of notices of claim not pertaining to the time or manner of service since the board was, from the first, fully cognizant of the nature of the claims (*Teresta* v. *City of New York,* 304 N. Y. 440; *Montana* v. *Incorporated Vil. of Lynbrook,* 23 A D 2d 585). On the record before us, it does not appear that the contractor was prejudiced by such waiver. Under the general conditions of the contract, the contractor was responsible to the owner for acts and omissions of its subcontractors. One of its contractual obligations was to protect adjacent property from injury. Expert testimony indicated that the steps to be taken to protect such property do not normally appear in the contract but are left to the discretion of the contractor. The question of whether the board was contributorily negligent was, in view of the testimony in the record, one for the jury, since reasonable men might differ as to whether the board had exercised its proper duty of care under the circumstances (*Cesario* v. *Chiapparine,* 21 A D 2d 272; *Imbese* v. *First Nat. Stores,* 23 A D 2d 850). Similarly, the quantum of damage, if any, sustained by the board was an issue for the jury. We are of the opinion that the board made out a sufficient prima facie case and that its complaint should not have been dismissed. With respect to Action No. 2, the architect's final certificate did not foreclose the board from proving outstanding claims against the contractor. There was no contract provision rendering the certificate final and conclusive (see *Glaucius* v. *Black,* 50 N. Y. 145). To the contrary, article 20 of the general conditions of contract expressly provided: " Neither the final certificate nor final payment, nor any provision of the Contract Documents shall relieve the Contractor of responsibility for faulty materials or workmanship ". There was no provision for final payment upon issuance of the final certificate (cf. *Hughes Co.* v. *Sapphire Realty Co.,* 11 N Y 2d 17). Even were this a case where final payment was to be made upon the issuance of the architect's final certificate, the board would still be permitted to prove its defense. The final certificate is normally binding upon the parties to the extent that it forecloses them from contesting the actual final completion of the work (*Hughes Co.* v. *Sapphire Realty Co., supra*). However, the issue in this case is whether during the course of construction the contractor's negligence resulted in damage. The proof of such damage would not be hostile to the fact of ultimate completion of the work (cf. *Condict* v. *Onward Constr. Co.,* 210 N. Y. 88). Ughetta, Acting P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.