SAMUEL G. DAUCHEY et al., appellants, *v.* PATRICK H. DRAKE et al., respondents.

Plaintiffs contracted to publish for defendants a certain advertisement "to be set up, as near as possible, in same style and type as copy furnished" under the head of new advertisements in certain newspapers, lists whereof were given, amounting to one thousand and seventy-five in all,

for six months; defendants having the privilege at the end of two months, if the style and position of the advertisement did not prove satisfactory, to send an electrotype cut or to discontinue the same. At about the end of the two months defendants, not being satisfied, gave notice of discontinuance. In an action to recover for the time of publication, it appeared that the advertisement was inserted in but one thousand and twenty-two papers; in two hundred and thirty-three of those it did not comply with the contract as to style and type; and in two hundred and ninety-one others in part only; in more than half it was not inserted under the head of new advertisements; also that the style, type and location in the papers were matters of importance. *Held,* that there was not a substantial performance of the contract; that the right reserved to furnish a cut or to discontinue did not relieve plaintiffs from the obligation of such a performance; and that, therefore, plaintiffs were not entitled to recover.

One of the plaintiffs, as a witness in his own behalf, was asked as to which one of the three lists of newspapers was the most valuable as an advertising medium. *This was objected to and excluded. Held,* no error.

Plaintiffs' counsel offered to show that all of the advertisements not inserted under the head of "new advertisements" occupied a better position. This was objected to and excluded. *Held,* no error.

(Argued May 10, 1881; decided May 31, 1881.)

APPEAL from judgment of the General Term of the Court of Common Pleas in and for the county of New York, entered upon an order made February 2, 1881, which affirmed a judgment in favor of defendants, entered upon the report of a referee.

The nature of the action and the facts are set forth sufficiently in the opinion.

*Nathaniel C. Moak* for appellants. The plaintiffs, on the receipt of notice to discontinue, had no right to proceed any further in the performance of the contract, and the defendants became liable for the fair value of the part already performed, and for damages in addition. (*Dillon* v. *Anderson*, 43 N. Y. 232; *Clark* v. *Marsiglia*, 1 Den. 318; *Niblo* v. *Binsse*, 3 Abb. Ct. App. Dec. 375; *Marsh* v. *Holbrook*, id. 176; *Howell* v. *Gould*, 2 id. 418; *Moody* v. *Leverich*, 4 Daly, 402.) Even if it could be held that plaintiffs were responsible for any alterations or variations, however, beyond their control, and even though it should be held that there was no waiver on the

part of defendants, still, under the facts as shown, plaintiffs were entitled to recover. (*Smith* v. *Brady*, 17 N. Y. 173, 180, 181; *Cunningham* v. *Jones*, 20 id. 486; *Bonesteel* v. *Mayer, etc.*, 22 id. 162, 169; *Phillip* v. *Gallant*, 62 id. 256, 264–5.) A substantial compliance with the contract was sufficient. (*Smith* v. *Brady*, 17 N. Y. 173, 190; *Callmeyer* v. *Mayor*, 11 Weekly Dig. 204; *Harrington* v. *Mayor*, 10 Hun, 248, 251; 70 N. Y. 604; *Brawley* v. *U. S.*, 96 U. S. 168.) Previous and contemporary transactions and facts may be very properly taken into consideration to ascertain the subject-matter of a contract, and the sense in which the parties may have used particular terms, but not to alter or modify the plain language which they have used. (*Brawley* v. *U. S.*, 96 U. S. 168, 172; *West* v. *Smith*, 101 id. 271, 272; *Stoops* v. *Smith*, 100 Mass. 63–6.)

*Winchester Britton* for respondents. There being an utter failure to show a substantial compliance with the contract, and it being entire in its nature, the decision of the referee, that plaintiffs could not recover, was correct. (*McMillan* v. *Vanderlip*, 12 Johns. 165; *Jennings* v. *Camp*, 13 id. 94; *Neville* v. *Frost*, 2 E. D. Smith, 62; *Borrowman* v. *Drayton*, 19 Moak, 341; *Smith* v. *Brady*, 17 N. Y. 185, 189; *Cunningham* v. *Jones*, 20 id. 486; *Bonesteel* v. *The Mayor*, 22 id. 222; *Catlin* v. *Tobias*, 26 id. 222; *Husted* v. *Craig*, 36 id. 223; *Brown* v. *Weber*, 38 id. 187; *Glacius* v. *Black*, 50 id. 145; 67 id. 563; *Flood* v. *Mitchell*, 68 id. 507; *Jenney* v. *Lyons*, 2 App. Cas. 455; 12 B. D. 470; 2 id. 112; 12 Am. Law, 279, 689; id. 303–4; *Ibbotson* v. *Sherman*, 10 J. & S. 477; *Woodward* v. *Fuller*, 80 N. Y. 312.) The defects need not pervade the whole, or be so essential that the object which the parties intended to accomplish is not accomplished. (*Phillip* v. *Gallant*, 62 N. Y. 264; 35 Barb. 602.)

EARL, J. This action was brought to recover the amount alleged to be due the plaintiffs for certain advertising claimed by them to have been done for the defendants. The adver-

tising was proved to have been done under a special agreement, made about the 1st day of March, 1870, as follows: "The plaintiffs agreed to insert an advertisement of defendants' of ' Plantation Bitters and Sea Moss Farina,' of which a copy was attached to said agreement, in their list of papers, comprising: New York, list of two hundred daily and weekly papers; New England, list of one hundred and fifty weekly, and twenty-five daily papers; Middle States, list of two hundred daily and weekly papers; Great Western, list of five hundred daily and weekly papers — in all, one thousand and seventy-five daily and weekly papers, none of which should be inside or outside papers; said advertisements to occupy same space and be set up, as near as possible, in same style and type as copy furnished; and said advertisements were to be inserted in the column of plaintiffs', in said papers, and under the head of new advertisements, for the sum of $1,800 per month, for six months, which sum the defendants agreed to pay therefor. It was further agreed that the defendants should have the privilege of renewal of this advertisment at the same rate for six months longer with option to change the matter once or twice during the continuance of the advertisement without additional charge, and with the privilege to the defendants, at the expiration of two months from date, if the style and position of the advertisement should not prove satisfactory, of sending an electrotype cut of matter for advertisement or discontinuing the same."

At the end of about two months, the defendants, not being satisfied with the manner in which the plaintiffs performed the contract, gave them notice that they considered the contract discontinued and void. Thereafter, about the 1st day of July, the plaintiffs commenced this action to recover for advertising done between the date of the contract and the 10th day of May. The defendants defended the action on the ground that the plaintiffs failed in various particulars to perform their contract; and the referee found that they failed to perform it in the following particulars, to wit: "(1.) They did not insert said advertisement in one thousand and seventy-five papers

nor in any number beyond one thousand and twenty-two newspapers in all. (2.) They did not insert the same in all the papers comprised in the list furnished. (3.) They did not insert the advertisement in the same style and type as the copy furnished. (4.) The said advertisement was not uniformly inserted in newspapers under the head of ' new advertisements ';" and he held that the failure to perform was substantial, and gave judgment for the defendants, dismissing the complaint.

The plaintiffs had no claim against the defendants except by virtue of the contract, and they could recover of the defendants only by showing not literal, but substantial performance of the contract. (*Glacius* v. *Black*, 50 N. Y. 145; *Phillip* v. *Gallant*, 62 id. 256; *Flood* v. *Mitchell*, 68 id. 507; *Woodward* v. *Fuller*, 80 id. 312; *Hinkmann* v. *Pinkney*, 81 id. 211.)

The proof showed that the advertisement was inserted in only one thousand and twenty-two papers and tended to show that in two hundred and thirty-three of such papers the advertisement did not in any degree comply with the requirement of the contract as to style and type, and that in two hundred and ninety-one more of such papers it complied, in these respects, in part only, and that in more than half of the papers produced upon the trial the advertisement was not inserted under the head of new advertisements. There was also proof tending to show that the style and type and location in the papers, of the advertisement, were matters of importance to the advertisers and known to be so to the plaintiffs. The referee was, therefore, justified in holding that there was not substantial performance.

It would have been difficult, if not impossible, to estimate the damages caused to the defendants from the defective performance; and this is not, upon the evidence or the findings of the referee, a case where the plaintiffs could have been allowed to recover the contract-price, deducting an allowance to the defendants for defective performance.

There was no proof that the advertisement, when it was defective, was " set up as near as possible in same style and

type as copy furnished." The fact that it was satisfactorily set up in about half of the papers shows that it might or could have been in all.

The right reserved to the defendants to furnish "an electrotype cut of matter for advertisement, or discontinuing the same," was not the only alternative given to them in case "the style and position of the advertisement should not prove satisfactory." That was a privilege secured to the defendants which they might capriciously exercise at the end of the two months, although the plaintiffs had substantially performed on their part. But it did not relieve the plaintiffs from the obligation of substantial performance.

It is true that no time was fixed in the agreement when the plaintiffs should commence performance on their part, and it may be that if, when notified of dissatisfaction on the part of the defendants, they had offered then to go on and make perfect or substantial performance, they would have had the right to do so. But they did not make such offer, or any offer, to remedy the defects complained of, and they did not bring this action to recover damages of the defendants for absolutely repudiating the contract, but they sued to recover for work done under the contract, and in such a suit they were required to show substantial performance as to the advertising for which they claimed to recover.

This judgment must, therefore, be affirmed, unless the referee committed some material error in his rulings upon questions of evidence during the trial.

Plaintiffs' counsel put some questions, to show what was said by the parties at the time of making the written contract and pending the negotiations which led to the same, as to style and location of the advertisement, and they were objected to and excluded. The language of the contract is plain and unambiguous, and parol evidence to explain or vary it in the particulars referred to was incompetent.

Plaintiffs' counsel put to one of the plaintiffs this question: "Of the three lists in your book, the Eastern, and New York State and the Western, which is the most valuable as an adver-

tising medium?" This was objected to and excluded. We do not perceive that it could have any important bearing, and it was properly excluded as immaterial.

He also offered to show that "all those advertisements which are not under the head of 'New advertisements' occupy a better position than they would have had under 'New advertisements' in these papers." This was objected to and properly excluded. The defendants had selected the place which they desired their advertisements to occupy in the papers, and the plaintiffs had agreed that they should occupy that place, and the plaintiffs could not excuse their non-performance by showing that, in their judgment or the judgment of other witnesses, any other place would have been just as good or better.

We find no material error in the record before us, and the judgment should be affirmed.

All concur, except FOLGER, Ch. J., absent.

Judgment affirmed.