ATLANTIC AVE. R. CO. *v.* JOHNSON *et al.*

(*Supreme Court, General Term, Second Department.* July 18, 1890.)

CONTRACTS—PERFORMANCE.

Plaintiff and defendants executed a writing by which plaintiff leased to defendants its franchises and rights to construct and operate a street railroad over certain streets, plaintiff agreeing to obtain the consent of the city authorities to the construction and operation of a cable line, and defendants agreeing to pay $15,000 a year to plaintiff. *Held,* in an action on the agreement, that plaintiff, having failed to obtain the consent for the construction of the cable over a certain street in the route, could not recover

Appeal from circuit court, Kings county.

Action by the Atlantic Avenue Railroad Company against Tom L. Johnson and Alexis I. Du Pont on an agreement by which plaintiff leased to defendants its franchises and rights to construct, maintain, and operate a street railroad over certain streets, plaintiff, at its own expense, to procure the consent of the city authorities to the construction and operation of a cable line, and defendants to pay plaintiff $15,000 a year. Plaintiff failed to get the consent of the city authorities, and defendants were obliged to stop the construction of the road over a certain street mentioned in plaintiff's lease. From a judgment dismissing the complaint in an action for the $15,000, agreed to be paid for the first year, plaintiff appeals.

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Tracy, MacFarland, Boardman & Platt,* for appellant. *James C. Church,* (*S. B. Clarke* and *Elihu Root,* of counsel,) for respondents.

BARNARD, P. J. The scope and meaning of the agreement between the parties was to enable the defendants to have the entire road described in the paper writing. It was known by the contracting parties that certain consents were needed to obtain such a road, and the plaintiff agreed to obtain these consents. The defendants began the execution of the agreement, but were finally stopped as to a very material part of the route. The defendants had assigned the lease or privilege before the obstruction became immovable, and the assignees notified the plaintiff that they would hold the agreement broken, and would surrender all rights received under it, on settlement by plaintiff for the expenditure made in the execution of the same before default, in obtaining the consent. The agreement to pay 14 per cent. of the gross receipts, and, if this rate fails to amount to $15,000, the defendants were to pay $15,000 at all events, was dependent upon the plaintiff's full performance of the agreement on its part. The defense to the claim was one provable under a general denial, and did not need a counter-claim pleaded to present the question. *Dauchey* v. *Drake,* 85 N. Y. 407. There could be no divisibility in the consideration when the contract was not performed, and there is no obligation to pay for a less consideration than the entire performance of the same by the plaintiff. *Grant* v. *Johnson,* 5 N. Y. 247. The judgment is therefore right, and should be affirmed, with costs.