1   313
6   514
1   313
25c  528

NEILS LARSEN, PLAINTIFF IN ERROR, v. W. H. JAMES, ET AL., DEFENDANTS IN ERROR.

1. LIABILITY OF BANK DIRECTORS.—The liability of the directors of a banking association for debts contracted previous to and during the period they shall neglect to make the semi-annual statements of the condition of the bank to the state treasurer, required by the statute, does not depend on a failure of the creditor to collect from the banking corporation. The liability of the directors attaches upon the failure to make the statutory statement, and may be enforced regardless of proceedings against the corporation.

2. LIMITATION OF ACTIONS AGAINST BANK DIRECTORS.—The statute under which the liability of bank directors attaches is a penal statute, and in consequence thereof the obligations arising thereunder are governed by that provision of the statute of limitations which requires all actions for penalties or forfeitures incurred under any penal statute, brought by the state or any person to whom the penalty or forfeiture is given, to be commenced within one year next after the offense is committed which occasions the penalty or forfeiture.

3. WHEN STATUTE COMMENCES TO RUN.—If the bank officials are in default when the cause of action accrues, as when demand on the bank is made for the payment of a check payable on demand, it is immaterial how many previous violations of the statute they may be guilty of, the limitation as to that cause of action commences to run in their favor from the date of the demand.

*Error to District Court of Arapahoe County.*

Mr. L. C. ROCKWELL, for plaintiff in error.

Messrs. C. S. THOMAS and BRYANT & LEE, for defendant in error.

REED, J. In September, 1881, the Merchants' & Mechanics' Bank was organized and commenced business in Leadville, and continued the business until January 30, 1884, when having become insolvent it closed its doors. In November, 1883, plaintiff Larsen drew his check upon the bank for $7,000, payable to the order of Peter W. Breen, which check

was certified by the cashier as follows : " Good when properly indorsed," and delivered to Breen. On the 30th of January Breen presented the check properly indorsed for payment,— which was not made. Plaintiff had upon deposit in the bank money to pay the check. The bank having failed to pay, Breen brought suit and recovered judgment for the amount against the plaintiff, which was paid and discharged.

The defendants were, and had been from the organization of the bank to its close, the directors of the corporation. The bank being insolvent, suit was brought by plaintiff against the defendants as directors, alleging their failure to make and transmit to the state treasurer a statement of the condition of the bank as required by law.

The statutory requirement is the following : Gen. Stat., sec. 277.—" The directors of each banking association shall semi-annually, (or oftener as they may elect,) on the first Monday in January and July, declare a dividend of so much of the net profits of the bank as they shall deem expedient, and on each of such days the president or cashier shall make a full, clear and accurate statement to the state treasurer of the condition of the bank as it shall be on that day, after declaring the dividend, (if any be declared,) which shall be verified by the oath of the president or cashier, and shall contain a full abstract of the general accounts of the bank, so as to show plainly its resources and liabilities, and the amount of each kind thereof; and the same shall be published at least once a week, for three successive weeks, in some newspaper of the county, where such bank is located if any newspaper be published therein ; if not, then in some newspaper of general circulation published at the seat of government."

Sec. 278.—" If any such banking association shall neglect to make out and transmit the statement required in the preceding section for one month beyond the period when the same is required to be made, or shall wilfully violate any of the provisions of this act, the directors shall be personally

liable for all debts of said association contracted previous to and during the period of such neglect."

. The complaint was demurred to, and among others upon the following grounds:

That no judgment had been obtained by the plaintiff against the bank.—That the action was barred by the statute of limitations.   The demurrers were sustained and the action dismissed.

. In deciding upon the correctness of the judgment only two questions need be determined:

1st.—Whether the statutory liability of the defendants was secondary and depended upon plaintiffs having first exhausted his remedy against the bank.

2d.—Whether the action was barred by the statute of limitations.

The first may be disposed of quite briefly.   The statute is punitive in character, dictated by public policy to prevent the perpetration of frauds by dishonest or insolvent corporations.   The statutory liability is not made to depend upon a failure to collect from the corporation.   The liability is primarily and directly imposed upon a failure to comply with the law, and may be enforced regardless of any proceeding against the corporation.   The language is, that upon failure to comply " The directors shall be personally liable for all debts of said association contracted previous to and during the period of such neglect."   The liability attaches upon the failure to make the statutory statement, and so remains until removed by a compliance with the requirements of the law. Such appears to have been the conclusion of our own supreme court in regard to the statute of 1868, differing somewhat in phraseology from the statute under consideration, but substantially the same, as to the present question.

In *Gregory v. The German Bank*, 3 Colo. 333, it is said: " The liability of the trustees arising from a failure to publish an annual report is in no way related to the loss that creditors of the company may sustain by reason of such violation of the statute ; " and such is the construction of the

same statute in the state of New York.  *Merchants Bank v. Bliss*, 35 N. Y. 412.

The liability of the bank arose from a failure to pay the check, a violation of a contract.  The liability of the directors arose from a failure to comply with the provisions of the statute.  It is clear that there was no primary liability of the directors to pay the debt, nor had they any connection with the creditor of the bank by contract to pay upon its default as guarantor, indorser or otherwise, hence there was no relation that would require the creditor to exhaust his remedies against the bank.  The action depends wholly upon the statute.

The other question is one of greater difficulty.  The actions which shall be commenced within six years are thus stated in sec. 2163, Genl. Stat. :

" First.—All actions of debt founded upon any contract or liability in action."

" Fourth.—All actions of assumpsit or on the case, founded on any contract or liability express or implied."

" Seventh.—All other actions on the case, except actions for slanderous words or libels."

It is clear that the statutory debt in question, imposed only and created by statute for a violation of its provisions, cannot come under either of the above clauses, and they are the only ones that could in any way cover it.  It is neither a debt founded in contract, or contractual liability, nor an action in assumpsit, or on the case founded upon contract, nor is it an action on the case.  No common-law definition of the above enumerated causes of action can include this, hence it is not covered by the six years statute of limitations.

Sec. 2170 is: " All actions and suits for any penalty or forfeiture of any penal statute, brought by this state, or any person to whom the penalty of forfeiture is given, in whole or in part, shall be commenced within one year next after the offense is committed and not after that time."

Whether or not the case comes within this action depends upon the character and construction of the statute.  It ap-

pears to be conceded by counsel for plaintiff in error that it is a penal statute, but insist that notwithstanding that fact it is only barred by the six years statute of limitations. As to the penal character of this statute, this court is concluded by *Gregory v. German National Bank (supra)*. It is there said, in construing the act of 1868,—identical in its legal aspect,—" This statute is in its nature penal. * * * The amount of the forfeiture is measured by the aggregate debt contracted by the company. The liability is not founded upon contract, but arises from misconduct in office." * * * " Upon reason and authority we are constrained to the conclusion that the statute is in its nature penal."

In *Steam Engine Co. v. Hubbard*, 101 U. S. 188, a similar statute of the state of Connecticut was exhaustively examined. The court said: " The defendant contends that the statute upon which the action is brought *is penal*, * * * in which proposition the court unhesitatingly concurs. Statutes somewhat similar in character have been passed in several of the states, in all of which states it is held the statutes are penal." 2 *Morawetz on Corp.* § 907; *Merchants Bank v. Bliss*, 35 N. Y. 412; *Moses v. Sprague*, 9 R. I. 541; *Whitney Arms Co. v. Barlow*, 68 N. Y. 34; *Derrickson v. Smith*, 27 N. J. Law 166.

The same construction is given to the statute by Hallett, J., in the U. S. C. C. in this state, in *Risch v. Fiske et al.* Hence the penal character of the statute is established beyond controversy,—the penalty for its violation being in the language of our supreme court: " The aggregate debt contracted by the company." This being the character of the statute, and the action being, as shown, excluded by the wording of the statutes from the six years limitation, we unhesitatingly conclude that it falls under sec. 2170, viz., an action for penalty or forfeiture under a penal statute brought by a person to whom the whole of the penalty is given. The trouble is not in bringing this action within the statutory limitation of one year, but in determining in a case of this kind, where there were repeated and recurring violations of

the law, when the statute commenced to run.   Judge Hallett
seems to have been confronted by the same difficulty in *Risch
v. Fiske.*

It is alleged in the complaint that the directors did not
within one month from the first Monday of January, 1882,
July, 1882, or January, 1883, make the report required by
the statute.

The language of the section is: "If any such banking as-
sociation shall neglect to make out and transmit the state-
ment * * * for one month beyond the period when the same
is required to be made, * * * the directors shall be person-
ally liable for all debts of said association contracted previous
to and during the period of such neglect."

To hold, as urged, that the first default arose over a year
before the cause of action accrued, and that the statutory time
of one year had commenced to run and had elapsed,—conse-
quently the statute could not apply, would be to abrogate
the statute and render it inoperative,—a construction that is
never allowable when one can be found that will give effect
to the intention of the legislature.   It is not necessary to in-
quire whether the debt in question from the bank was con-
tracted in the first days of November, when the deposit was
made, or on the 30th of January following, when demand
was made and the payment refused.   Checks being payable
upon demand, no cause of action arose either against the
bank or directors until demand.   Take either date and the
officers were in default.   The cause of action accrued on the
30th of January, 1884.   On the refusal of the bank to pay,
the liability of the directors attached and became absolute.
It was evidently the intention of the legislature that the stat-
ute of limitations should commence to run at and from the
time the cause of action accrued in each case.   This con-
struction would seem to be founded in reason and would
render the statute effective.

The point was directly adjudicated in *Merchants Bank v.
Bliss (supra)*, as between a three years limitation and the
general limitation of six years.   The court says, "I am sat-

isfied that the sections * * * impose a penalty * * * to which the shorter limitation of three years applies."

We conclude that in actions of this kind the limitation of one year applies, and that the statute commences to run at the time the cause of action accrued to the creditor of the corporation. The statue being penal in its character, and the right of the creditor to proceed against the officers depending upon and created by the statute, and a new and arbitrary remedy given for the collection of the debt,—it is a well settled rule of law that the statute must receive a strict construction and must be strictly followed. If a party wishes to avail himself of it, he must do it within the designated time. The time in which the right may be asserted is as much a part of the statute as the right of the plaintiff or liability of the officer. He cannot abrogate one while asserting the other. It appearing from the complaint that the cause of action accrued nearly six years before the bringing of the action, the judgment of the district court must be affirmed.

*Affirmed.*

Bissell, J., having been of counsel, did not sit.