# COURT OF APPEALS

OF THE

## STATE OF COLORADO.

## January Term, 1902.

[No. 1978.]

HAZELTON v. PORTER ET AL.

Corporations—Failure to File Annual Report—Liability of Directors—Limitation.

The liability of directors of a corporation, under section 491, Mills' Ann. Stats., for failure to file the annual report as therein required is a statutory penalty and is barred by the statute of limitations one year after the penalty is incurred, and the statute begins to run at the time of the default of the directors and not at the time the debt against the corporation matures or is made payable.

*Error to the District Court of Arapahoe County.*

Messrs. BENEDICT & PHELPS and Mr. HORACE PHELPS, for plaintiff in error.

Mr. CHARLES H. TOLL and Mr. WILLIAM R. BARBOUR, for defendant in error, Henry M. Porter.

Mr. W. C. KINGSLEY, for defendants in error, Moritz Barth and Leonard H. Eicholtz.

WILSON, P. J.

In 1890 the plaintiff Hazelton contracted with The Denver Steam Heating Company, a corporation organized and doing business under the laws of Colorado, to erect and construct for it a boiler for steam heating purposes. In February, 1891, the work was completed, and the boiler after having been tested in accordance with the agreement, was then accepted by the company, at the same time the price to be paid therefor being agreed upon and fixed by the parties, to be paid monthly in installments of certain sums thereafter, the time of payment extending over a period of several years. The corporation did not within sixty days from January 1, 1891, file nor cause to be filed its annual report as required by section 491, Mills' Ann. Stats., section 252, Gen. Stats., nor was any such report filed at any time thereafter prior to the bringing of this suit, nor had there been previous to March 2, 1891; nor was there at any time thereafter filed a certificate of the paid-up capital stock of the corporation. The defendants were during all of the times mentioned directors of the corporation, and this action, commenced January 30, 1897, was brought to recover the amount of the debt from them, on account of their personal liability incurred for failure to make such report. Section 491 referred to reads as follows:

"Every such corporation shall, annually, within sixty days from the first day of January, make a report, which shall state the amount of its capital and the proportion actually paid in, and the amount of existing debts; which report shall be signed by the president, and shall be verified by the oath of the president or secretary of said company, under its cor-

porate seal, and filed in the office of the recorder of
deeds of the county where the business of the com-
pany shall be carried on. And if any such corpora-
tion shall fail so to do, unless the capital stock of
such corporation has been fully paid in, and a certifi-
cate made and filed as provided in section twelve
(12) of this act, all the directors or trustees of the
company shall be jointly and severally liable for all
the debts of the company that shall be contracted dur-
ing the year next preceding the time when such re-
port should, by this section, have been made and filed,
and until such report shall be made."

None of the allegations in the complaint with
reference to the contracting of the indebtedness are
disputed, and it is not denied that there was a fail-
ure to make the annual report required by the stat-
ute. It is claimed, however, that this action is barred
by the statute of limitations, which reads as follows:

"All actions and suits, for any penalty or for-
feiture of any penal statute brought by this state, or
any person to whom the penalty or forfeiture is given,
in whole or in part, shall be commenced within one
year next after the offense is committed, and not after
that time."—Section 2907, Mills' Ann. Stats., section
2170, Gen. Stats.

The plaintiff concedes, it having been so express-
ly decided by the appellate courts of this state, that
section 491 is a penal statute, and that the limitation
statute which applies to actions under it, is that which
we have just quoted. The sole question to be de-
termined is: When, under the facts of this case, did
the limitation statute begin to run? It is claimed by
the plaintiff that it did not begin to run until a cause
of action accrued to him against the company for the
collection of the debt. The defendants insist that the
statute began to run at the time when the default of
the directors occurred, which made them liable for

a penalty, it being in this case, under the conceded facts, March 2, 1891. In this contention we believe that the defendants are correct.

Counsel for plaintiff have made a very able and forcible argument in support of their theory, but in our opinion, the question is definitely settled against them not only by the plain reading of the statutes, but by the express adjudications of both appellate courts in this jurisdiction. It will be observed that the penalty imposed by section 491 is twofold in its character: First, for all debts of the company contracted during the year next preceding the time when such report should have been made; and second, for all debts which might be thereafter contracted, until the report should be made. The statute says nothing about the maturity of the debts. This question was under consideration by this court in a case very recently decided.—*Thatcher v. Salomon,* 16 Colo. App. 150, 64 Pac. 369.

We there declared the true doctrine to be that a debt is contracted when in consideration of value received by the corporation, a payment is to be made, no matter whether at once or at a future period. When, therefore, in this instance, the corporation failed to make its annual report on March 2, 1891, the directors instantly became liable for the whole of the debt due to the plaintiff. At that time a cause of action arose, in favor of the plaintiff and against these defendants, for the collection of this penalty imposed by law. The universal rule is that a statute of limitations begins to run when the right of action which is embraced in its provisions, accrues, and the running of the statute is not arrested except by certain well recognized circumstances, which there can be no pretense of obtaining in this case, and which is not claimed. No fraud nor concealment is alleged. This court in *C. F. & I. Co. v. Lenhart,* 6 Colo. App. 515,

said in considering this section: ''When the liability to the penalty is incurred, the creditor's cause of action for its recovery accrues, and the statute is set in motion, and does not stop until the action is commenced or barred.'' We do not think language could be plainer. To the same effect is *Clough v. R. M. Oil Co.*, 25 Colo. 528, also in a case involving the construction of the same section. The liability of the director does not arise from any promise to pay, express or implied, or from any contractual relation whatever. The law imposes it upon them as a penalty for an offense committed by them in disobeying its mandates, and the measure of the penalty is the amount of the indebtedness contracted during the preceding year.

Plaintiff insists that this construction of the law would enable directors to evade it by the simple device of so arranging that debts contracted shall not become due until more than one year after the time when their next annual report is required. .We see no force in the argument. It is not to be presumed that either party had in contemplation at the time when the debt was contracted, or at any time, that there would be such a failure to do something which would impose a personal liability upon the directors, when they could so easily escape it by causing a report to be made. However, if the creditor had it in contemplation, he might have insisted that the times of payment should be fixed to give him the benefit of the happening of such an event if it should happen. Moreover, we do not have before us the question as to whether the plaintiff by reason of defendants' default, could have maintained a suit against them before the debt had matured so as to give him a cause of action against the company. That question is not in the case. We are simply holding that in this case for a failure of

the defendants to have caused the annual report of the company to have ben filed on or before March 2, 1891, a cause of action accrued to plaintiff against them for the penalty prescribed in section 491; and the measure of that penalty, for the recovery of which plaintiff then became entitled to sue, was the amount of the debt involved in this action; and that such being the case, the limitation statute then began to run, and continued without interruption for one year thereafter, when the bar of the statute was complete. If this works any hardship, the responsibility must be with the legislature, and not with the courts.

Again, this debt was owed by the corporation, and not by the defendants. It was recoverable from the latter as a penalty, and not as an indebtedness, and they are therefore under all authorities, entitled to a strict construction of the statute.—*C. F. & I. Co. v. Lenhart, supra; Larsen v. James,* 1 Colo. App. 319.

It must be confessed that in *Larsen v. James, supra,* there are some indefinite and obscure expressions which might be construed to favor the contention of appellant. An examination of the case will show that it did not involve the question which is the vital point of this case. The only issue there presented was whether the six-year or one-year statute of limitations to actions applies under a statute similar to that now under consideration. In such case the language used, whatever its construction, cannot be considered of any binding force or effect. Especially is this true since thereafter the question was squarely presented to this court in *C. F. & I. Co. v. Lenhart, supra,* and was decided in accordance with the views which we have expressed.

As this court said in *Thatcher v. Salomon, supra,* directors of corporations in view of the special privileges granted to them should be held to the

strictest observance of all the duties and obligations imposed upon them by law. There is no room, however, for judicial construction when the provisions of the statute are expressed in plain and unambiguous language, and creditors and directors alike must take notice. If under its terms circumstances might arise wherein it might seem to work a hardship or injustice, the remedy is with the legislature alone.

The judgment is affirmed.          *Affirmed.*