heard to say that an attachment was void, for, if it was, his appointment as receiver was likewise void.

[10] It is also urged that the courts of this state will not recognize a foreign corporation as extinct because of the revocation of its charter for nonpayment of taxes, in the absence of a judicial decree to that effect. The two cases cited to sustain this contention (Kincaid v. Dwinelle, 59 N. Y. 548; New Eng. Iron Co. v. Gilbert El. R. R. Co., 91 N. Y. 153) each involve a domestic corporation which had not been dissolved, and they do not sustain his contention. Kincaid v. Dwinelle I regard as an authority to the contrary. The court says:

"A corporation may by virtue of proceedings against it, or by reason of its pecuniary condition, cease to exist for all practical purposes, all the purposes for which it was created or for which a corporation may exist; but it cannot be held to be actually dissolved till so adjudged and determined, either by judicial sentence or the sovereign power."

In the case at bar the corporation was dissolved by the "sovereign power." I am therefore of the opinion that the judgment against the defendant was void, and it follows that the judgment must be reversed, and the complaint dismissed, with costs. All concur.

---

(80 Misc. Rep. 534.)

## WOOD v. BUTTERICK PUB. CO.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

1. CONTRACTS (§ 319\*)—SUBSTANTIAL PERFORMANCE—ADVERTISING AND SUBSCRIPTION CONTRACT.

A recovery for substantial performance of a contract, in lieu of full performance, is allowed only where the omissions are slight, and are readily supplied by the other party at the contractors' expense, and where the damages due to defects in performance are easily estimated, so that proper allowance may be made therefor; and hence where, in more than 100,000 out of 1,000,000 catalogues sent out, an advertising agent did not feature a publisher's advertisement on the cover, and where more than one-half of the remainder contained no advertisement, as required by the contract, the nonperformance was of a very substantial part of the contract, and, in view of the impossibility of estimating the loss which the publisher might have sustained thereby, recovery as for substantial performance could not be had.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1458, 1476, 1477, 1479, 1493–1507; Dec. Dig. § 319.\*]

2. CONTRACTS (§ 353\*)—ACTION FOR BREACH—INSTRUCTIONS—ISSUES.

In an action by a subscription agent for rebates upon subscriptions alleged to have been produced for defendant publisher, defended on the ground that plaintiff had not substantially performed his contract for advertising, an instruction that the issue was whether plaintiff produced the subscriptions called for by his contract was misleading, since he was not called upon by his contract to produce any definite number of subscriptions, and the fact that he furnished a large number had no tendency to prove that a substantially larger number could not have been obtained, had his advertisements complied with his contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 93, 1829–1844; Dec. Dig. § 353.\*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. Contracts (§ 228*)—Construction—Newspaper Subscriptions.

Under a contract by which plaintiff, a subscription agent, was to re-ceive rebates on subscriptions to defendant's publications produced through his advertising catalogue, he was not entitled to rebates on sub-scriptions procured by a news company, turned over to another publisher, and claimed to have been produced by that publisher through plaintiff's-catalogue.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1042–1044; Dec. Dig. § 228.*]

Appeal from City Court of New York, Trial Term.

Action by John Thomas Wood, doing business under the name and style of the Publishers' Subscription Exchange, against the Butterick Publishing Company. From a judgment in favor of plaintiff upon the verdict of a jury, and also from an order denying a motion for a new trial, defendant appeals. Reversed, and judgment directed for defendant.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

James B. Sheehan, of New York City, for appellant.

Henry Staton, of New York City, for respondent.

PAGE, J. The action is brought to recover certain rebates upon magazine subscriptions obtained by the plaintiff for the defendant. The defendant sets up a written contract, and alleges that it only agreed to pay for the services rendered by the plaintiff according to the terms and conditions of the contract, which conditions the plaintiff has not performed. There is also a counterclaim of $1,000 for money advanced by the defendant to the plaintiff, and a certain claim for $1,177.80 for subscriptions accepted by the defendant from the plain-tiff and never paid for by the plaintiff.

The plaintiff is in the business -of advertising for subscriptions for the various magazines in the country by means of a catalogue, which it issues, setting forth the attractions of the magazines and offering them to the public in groups at reduced rates. A periodical which joins the plaintiff's exchange is presented with copies of this catalogue for use among its subscribers and by its agents, offering that magazine in combination with others as an inducement. All subscriptions to other magazines so obtained are forwarded by the member of the exchange to the plaintiff, and the plaintiff makes an arrangement with the various publishers to be compensated for the subscriptions so obtained.

The defendant, Butterick Publishing Company, made a contract in writing with the plaintiff for the taking of advertising space in the plaintiff's catalogue, wherein it was agreed that the plaintiff should print and distribute not less than 1,000,000 copies of the said catalogue, in which "The Delineator" and "Everybody's Magazine" will be prom-inently featured as follows:

"(1) A special combination containing the Delineator and Everybody's will appear on the cover, and a space five-eighths deep and the width of the page is to be given to the Delineator and Everybody's on the top and bottom of fourteen pages and at the bottom of one additional page. * * *"

There was further provision for a one-page advertisement to be inserted, and the Butterick Publishing Company agreed to advance to the plaintiff $1,000, to be deducted from rebates to be earned in the future. The consideration for this advertising was a net rate of 70 cents on the Delineator and $1 on Everybody's, and—

"a rebate from these net rates on the Delineator, on the basis of 4 cents per 1,000 until 5,000 subscriptions have been secured, and a rebate on Everybody's at the rate of 4 cents per 1,000 until 5,000 have been produced, making the net rate on the Delineator 50 cents and the net rate on Everybody's 80 cents in advance of these quantities."

[1] At the trial it was not disputed that, out of 1,029,000 catalogues sent out by the plaintiff in alleged performance of its contract with the defendant, more than 100,000, or 10 per cent., did not have the name of either Everybody's Magazine or the Delineator featured upon the cover, and it was shown that of the remaining 90 per cent. more than half contained no advertisement upon the cover offering the Delineator and Everybody's in combination as required by the contract. It was submitted to the jury to determine whether this was a substantial performance of the contract by the plaintiff, and the jury by its verdict have found that it was. I am of the opinion, however, that in the first place this is not a case to which the doctrine of substantial performance could apply; and, secondly, that the learned trial justice in his charge misled the jury as to the criterion by which they should have been governed. As pointed out by the Court of Appeals in the cases of Spence v. Ham, 163 N. Y. 220, 57 N. E. 412, 51 L. R. A. 238, and Dauchey v. Drake, 85 N. Y. 407, the law allows a recovery for substantial performance of a contract in lieu of full performance only where the omissions are slight and unsubstantial, are readily supplied at the contractor's expense, and the damages due to defects in performance are easily estimated, so that proper allowance may be made therefor. In the case at bar the nonperformance was of a very substantial portion of the contract, and it would be impossible to estimate the loss which the defendant may have sustained by reason thereof.

[2] The learned justice in his charge said:

"The defendant contends that the plaintiff did not properly feature the Delineator and Everybody's Magazine upon the front page of the catalogue. The plaintiff admits that upon 100,000 it was not done, but irrespective of that the plaintiff contends that it was so properly featured throughout the book that the plaintiff did procure for the defendant the subscriptions as called for in his contract."

He proceeds to instruct them that this was the question of fact for them to determine. This was misleading, for the reason that the plaintiff was not called upon by his contract to furnish any definite number of subscriptions, and the fact that he furnished a large number is no evidence to prove that a substantially larger number could not have been obtained, had the advertisements complied with the contract.

[3] It was also proved at the trial that a large proportion of the subscriptions upon which the plaintiff claims his rebates were not obtained by him in the course of his business by means of the advertisements contained in his catalogue, but were collected by the American

News Company from subscribers who never saw the plaintiff's catalogue. It appeared that the plaintiff induced the American News Company to send in its subscriptions through him by forwarding them to Pearson's Magazine, one of plaintiff's subscribers, and pretending that they were produced by Pearson's through plaintiff's catalogue, thus obtaining a cheaper rate and larger rebate upon subscriptions having no relation to the advertising for which the cheaper rate was given. While it would be straining the words of the contract to spell out an express prohibition of these tactics, it was clearly never the intention of these parties that the rebates allowed the plaintiff by the defendant should apply to subscriptions not secured or produced by the plaintiff through its catalogue. Both parties, at the time the contract was made, understood the plaintiff's method of doing business and the object of its catalogue, and contracted with reference to it. That they both so understood the contract is demonstrated by the letter in evidence, written by the defendant to the plaintiff on February 24, 1911, demanding a separation of American News Company subscriptions from the others and refusing to grant the rebate upon them, and by the plaintiff's reply to it, dated February 27, 1911, acquiescing in that interpretation of the contract. As the rebates upon American News Company subscriptions were improperly allowed, and there was no evidence from which to determine how many of the plaintiff's subscriptions were bona fide, there was no evidence to support the finding of the jury for the plaintiff.

Judgment reversed, with costs, and judgment directed for the defendant for $2,177.80, with costs, and interest from March 17, 1911. All concur.