ROBERTS BROTHERS COMPANY, Respondent, *v.* CHARLES C. GREIN, Doing Business Individually under the Assumed Name of " CHARLES C. GREIN & Co.," Appellant.

Supreme Court, Erie County, April 23, 1927.

**Contracts — advertising contract — contract provided for publication of advertising on " left top margins every eighth page "— advertisement appeared every sixteenth page — non-performance to extent of ten per cent bars recovery — plaintiff's claim that printing " custom " counts " leaf " as " page," not warranted where defendant did not know of " custom."**

Defendant, who executed an advertising contract with plaintiff, wherein the latter agreed to publish defendant's advertising on " left top margins every eighth page " of a directory, is not liable thereon, where it appears that the advertising, as published, begins at page 60 of the volume and appears on every sixteenth page thereafter, so that the defendant actually received less than one-half of the advertising promised in the contract. The non-performance of an advertising contract to the extent of ten per cent bars the right to recover thereunder.

Plaintiff's claim that a " leaf," according to a " custom " in the printing trade, is counted as a " page," cannot be considered, in the absence of proof that the defendant was informed of the existence of the " custom."

Moreover, since the contract is complete, parol evidence is inadmissible to vary it, and consequently plaintiff's complaint must be dismissed.

APPEAL by defendant from judgment of City Court of Buffalo.

*John E. Selkirk,* for the appellant.

*Moore & Jeffery* [*David E. Jeffery* of counsel], for the respondent.

NOONAN, J.   The plaintiff is a domestic corporation doing a printing business at Lockport, N. Y., and in 1924 it published the Erie County Directory.   The defendant is a real estate broker.

On December 10, 1923, the defendant gave the plaintiff a written order for advertising in said directory, which reads:

" Read before signing

---

" ROBERTS BROTHERS CO.
" Directory Department
                                        " *Dec.* 10, 1923.

" The undersigned hereby contracts for the following representation in the 1924 ERIE COUNTY DIRECTORY.

" *left top margins every eighth page* the price to be $60.00 Sixty Dollars payable upon publication with a copy of the book.

" Street or R. F. D. No. 62 Niagara   CHAS. C. GREIN & CO.
                                        (Signature of Advertiser)

" City or Town   Buffalo, N. Y.   Per

---

" This is the actual contract.   No agreements with agents, either verbal or written, other than this contract, will be recognized.

" ALL CONTRACTS ARE CONTINGENT UPON STRIKES, FIRES, FLOODS OR OTHER CAUSES BEYOND OUR CONTROL."

The directory was published sometime during 1924 and a copy left at defendant's office on or about October 3, 1924.   The defendant refused to pay for it on the ground that the plaintiff had not fulfilled its parts of the contract, and thereafter the plaintiff obtained a judgment against the defendant for sixty-eight dollars and seventy cents, and ten dollars and thirty cents costs, in the City Court of Buffalo.

Upon the appeal from said judgment, the defendant urges several reasons for reversal, but it is only necessary to consider one.   The order or contract provides for the publication of defendant's advertisement on " left top margins every eighth page."   The first forty pages, including outside and inside of front cover, are used for " display advertisements " and properly belong exclusively to those who paid for them.   The " left top margins " advertising begins at page 46 and the defendant's first advertisement appears on page 60 and on every *sixteenth* page thereafter.

The plaintiff claims that a " leaf," according to a " custom " in the printing trade, is counted as a " page," and hence it has

fulfilled its contract, but no proof was offered that defendant was informed that such " custom " existed and there is nothing to show that said custom was so " notorious, universal and well established that his knowledge of it will be presumed," and, since the contract is complete and not ambiguous, parol evidence to vary its terms is not admissible. Also, " there is no general presumption that the usages of a particular trade are known to persons not in that trade." (17 C. J. 459.) The latest standard dictionaries define " page " as " *one side* of a leaf, as of a book, manuscript, letter, etc." According to this definition the defendant received less than one-half of the advertising promised by the contract. As the plaintiff prepared the contract, it must be construed most strongly against it (*Gillet* v. *Bank of America*, 160 N. Y. 549) and the words and phrases therein must be given their natural, ordinary meaning. (*Clark* v. *New York Life Ins. & Trust Co.*, 64 N. Y. 33, 39; *Saugerties Bank* v. *Delaware & Hudson Co.*, 204 App. Div. 211, 221.) The courts have held that a recovery for substantial performance of a contract, in lieu of full performance, is allowed only where the omissions are slight, and are readily supplied by the other party at the contractor's expense, and where the damages due to defects in performance are easily estimated so that a proper allowance may be made therefor, and that the non-performance of an advertising contract to the extent of ten per cent bars the right to recover under such contract. (*Wood* v. *Butterick Pub. Co.*, 80 Misc. 534, citing *Spence* v. *Ham*, 163 N. Y. 220, 226.)

It follows that the judgment must be reversed, with costs, and as the contract between the parties cannot be varied by parol evidence, the complaint must also be dismissed, with costs.

Let an order be entered accordingly.