Francis J. Donovan, J.
Plaintiff seeks to recover the cost of an advertisement.
Defendant contracted with the Daily News through plaintiff’s advertising agency for the insertion of a full page ad. It was orally agreed that the ad would appear in the Nassau-Suffolk section of the paper.
Defendant’s refusal to pay for the ad is based on two grounds: (1) The ad was published in the Brooklyn section, and (2) changes were made by the Daily News in the wording of the ad.
Plaintiff argues that (1) publication in the Brooklyn section is just as good as in the Nassau-Suffolk section; (2) as a matter of policy, the paper does not guarantee the position or place where *440 the ad will appear; (3) it is standard practice for newspapers to reserve the right to alter the wording of an ad.
Defendant sells paints and painting supplies. His place of business is a retail store in Freeport, Nassau County. He wanted to reach potential customers in the Nassau-Suffolk area. Negotiations were conducted by both the employees of the Daily Netos and plaintiff’s agency. The proof establishes that defendant was never apprised of the policy of the newspapers and never assented expressly or by implication to any reservations as to placement or composition of the ad.
He was not in the advertising business and customs or usages in that trade — even if they had been established — are not binding on him. (Roberts Bros. Co. v. Grein, 129 Misc. 406.)
The language of the Court of Appeals in Dauchey v. Drake (85 N. Y. 407, 413) is so apropos that it might have been spoken by the court in the case at bar: 1 ‘ The defendants had selected the place which they desired their advertisements to occupy in the papers, and the plaintiffs had agreed that they should occupy that place, and the plaintiffs could not excuse their nonperformance by showing that, in their judgment or the judgment of other witnesses, any other place would have been just as good or better.”
Plaintiff in rebuttal contends that defendant ratified or waived the breach of contract by pasting copies of the ad in his store window. By using the copy as a convenient price list defendant did not prejudice plaintiff or obtain any of the substantial benefit he should have received under the contract.
Judgment may be entered in favor of defendant.